IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY P. M.,[1]                           3:20-cv-01042-BR

            Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.


KEVIN KERR
Kerr, Robichaux & Carroll
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

        Attorneys for Plaintiff

SCOTT ERIK ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

        [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHERINE B. WATSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Jeremy P. M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this Opinion.

## ADMINISTRATIVE HISTORY

On July 11, 2017, Plaintiff protectively filed his

2 - OPINION AND ORDER

application for DIB benefits.  Tr. 15, 134.[2]  Plaintiff alleges a
disability onset date of December 31, 2016.  Tr. 15, 134.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on April 5, 2019.  Tr. 29-45.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On May 14, 2019, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 15-28.  Plaintiff requested review by the
Appeals Council.  On April 23, 2020, the Appeals Council denied
Plaintiff's request to review the ALJ's decision, and the ALJ's
decision became the final decision of the Commissioner.  Tr. 1-
3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On June 29, 2020, Plaintiff filed a Complaint in this Court
seeking review of the Commissioner's decision.


### BACKGROUND

Plaintiff was born on September 19, 1976.  Tr. 22, 134.

---

[2]  Citations to the official Transcript of Record (#9) filed
by the Commissioner on January 28, 2021, are referred to as
"Tr."

Plaintiff was 40 years old on his alleged disability onset date. Tr. 22.  Plaintiff has at least a high-school education. Tr. 22.  Plaintiff has past work as a warehouse forklift-driver. Tr. 160.

Plaintiff alleges disability due to fibromyalgia, Post-Traumatic Stress Syndrome (PTSD), tinnitus, carpal-tunnel syndrome, hearing loss, depression, insomnia, and anxiety. Tr. 48.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19-22.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

4 - OPINION AND ORDER

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine

whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 31, 2016, Plaintiff's alleged disability onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairment of fibromyalgia.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 19.  The ALJ found Plaintiff has the RFC to

perform medium work and that Plaintiff would miss one workday
per month.  Tr. 19.

At Step Four the ALJ concluded Plaintiff's past relevant
work was "not material," and, therefore, the ALJ did not make
any finding regarding Plaintiff's ability to perform his past
relevant work.  Tr. 22.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as hand-packager,
machine-packager, and store-laborer.  Tr. 22-23.  Accordingly,
the ALJ found Plaintiff is not disabled.  Tr. 23-24.


## DISCUSSION

Plaintiff contends the ALJ erred when he discounted the
medical opinion of Leslie Davidoff, M.D., Plaintiff's treating
physician, regarding Plaintiff's limitations.

**I.  Standards**

Because Plaintiff filed his application after
March 27, 2017, new regulations apply to the ALJ's evaluation of
the medical opinion evidence.  *Revisions to Rules Regarding the
Evaluation of Med. Evid.*, 2017 WL 168819, 82 Fed. Reg. 5844, at
5867-68 (Jan. 18, 2017).  *See also Linda F. v. Saul*, No. C20-
5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).  The

9 - OPINION AND ORDER

new regulations provide the Commissioner "'will not defer or
give any specific evidentiary weight, including controlling
weight, to any medical opinion[s] or prior administrative
finding(s)[.]'"  *Id.*, at *2 (quoting 20 C.F.R. § 404.1520c(a)).
"A prior administrative medical finding is a finding, other than
the ultimate determination about [disability], about a medical
issue made by . . . agency medical and psychological consultants
at a prior level of review . . . in [a] claim based on their
review of the evidence."  20 C.F.R. § 404.1513(a)(5).  In
addition, the new regulations rescinded SSR 06-03p in which
the Social Security Administration "explained how [it]
considers opinions and other evidence from sources who are not
acceptable medical sources. . . .  The [new] rules revised
[this] polic[y]. . . .  For example, in claims filed on or after
March 27, 2017, the final rules state that all medical sources,
not just acceptable medical sources, can make evidence that [it]
categorize[s] and consider[s] as medical opinions."  Rescission
of Soc. Sec. Rulings 96-2p, 96-5p, and 06-3p, SSR 96-2P 2017,
WL 3928298, at *1 (S.S.A. Mar. 27, 2017).  In other words, the
Commissioner must consider all medical opinions and "evaluate
their persuasiveness" based on "supportability" and
"consistency" using the factors specified in the regulations.

20 C.F.R. § 404.1520c(c).  Those factors include
"supportability," "consistency," "relationship with the
claimant," "specialization," and "other factors."  *Id.*  The
factors of "supportability" and "consistency" are considered to
be "the most important factors" in the evaluation process.  *Id.*
*See also Linda F.*, 2020 WL 6544628, at *2.

In addition, the regulations change the way the
Commissioner should articulate his consideration of medical
opinions.

> First, we will articulate our consideration of medical
> opinions from all medical sources regardless of
> whether the medical source is an AMS [Acceptable
> Medical Source].  Second, we will always discuss the
> factors of supportability and consistency because
> those are the most important factors.  Generally, we
> are not required to articulate how we considered the
> other factors set forth in our rules.  However, when
> we find that two or more medical opinions . . . about
> the same issue are equally well-supported and
> consistent with the record but are not exactly the
> same, we will articulate how we considered the other
> most persuasive factors.  Third, we added guidance
> about when articulating our consideration of the other
> factors is required or discretionary.  Fourth, we will
> discuss how persuasive we find a medical opinion
> instead of giving a specific weight to it.  Finally,
> we will discuss how we consider all of a medical
> source's medical opinions together instead of
> individually.

*Revisions to Rules*, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician
hierarchy," deference to specific medical opinions, and

assigning "weight" to a medical opinion, the ALJ must still "articulate how [the ALJ] considered the medical opinions" and "how persuasive [the ALJ] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(a) and (b)(1).  The ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors" for a medical opinion.  20 C.F.R. § 404.1520c(b)(2).  "At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion."  *Linda F.*, 2020 WL 6544628, at *2.  Finally, the Court must also "continue to consider whether the ALJ's analysis has the support of substantial evidence."  *Id.*, at *2 (citing 82 Fed. Reg. at 5852).

## II.  Analysis

On March 1, 2017, Dr. Davidoff opined:

> [Plaintiff's] chronic multisystem illness/fibromyalgia does not prevent sedentary employment, gainful employment, or employment with loose supervision or little public interaction.  Rationale:  With reasonable accommodation, no impediment to employment exists.  [Plaintiff] might have to work part time or miss some days.

Tr. 456.

Pursuant to 20 C.F.R. § 404.1567(a), "Sedentary Work"

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket

files, ledgers, and small tools.  Although a sedentary
job is defined as one which involves sitting, a
certain amount of walking and standing is often
necessary in carrying out job duties.  Jobs are
sedentary if walking and standing are required
occasionally and other sedentary criteria are met.

The ALJ concluded Dr. Davidoff's opinion is persuasive
apparently on the sole grounds that it is consistent with the
objective medical evidence and Plaintiff's activities of daily
living.  Tr. 21-22.  The ALJ pointed to examinations at which
Plaintiff was "observed to have intact sensation, a normal gait,
full motor strength in his upper and lower extremities, and no
tenderness to palpation."  Tr. 22, 352, 441, 487.  The ALJ also
noted Plaintiff's neurological examinations were "normal, and
joint tenderness or swelling was not noted," x-rays of
Plaintiff's cervical spine in January 2017 showed only mild
degenerative changes, and tests for autoimmune disease related
to joint pain were negative.  Tr. 20-21, 327, 423, 471, 487.

The ALJ also found persuasive the opinions of Susan Moner,
M.D., and Neal Berner, M.D., state-agency consultants.  On
August 23, 2017, Dr. Moner opined Plaintiff could only
occasionally lift and/or carry 50 pounds and frequently lift
and/or carry 25 pounds; could only stand and/or walk six hours
in an eight-hour workday; and could only sit six hours in an
eight-hour workday.  Tr. 55.  On November 30, 2017,

Dr. Berner made findings similar to Dr. Moner.  Tr. 67-68.

The limitations found by Drs. Berner and Moner are consistent with medium work, which is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c). In the end the ALJ concluded Plaintiff's activities were consistent with the ability to perform medium work.  Tr. 21. For example, the ALJ noted Plaintiff takes care of himself, drives, shops, takes care of two dogs, and helps his parents around the house.  Tr. 167, 364, 407.

Plaintiff, however, contends the ALJ erred when he failed to include in his assessment of Plaintiff's RFC a limitation to sedentary work, "loose supervision," and "little public interaction" as found by Dr. Davidoff.  Plaintiff also contends Dr. Davidoff's opinion regarding Plaintiff's ability to work is not "ambiguous" as the Commissioner asserts.

The Commissioner, in turn, contends the ALJ was "interpreting" Dr. Davidoff's opinion when the ALJ assessed Plaintiff's RFC because Dr. Davidoff did not clearly limit Plaintiff to only sedentary work with limited interactions.  In addition, the Commissioner contends the record "as a whole" supports the ALJ's conclusion and points to the fact that

Dr. Davidoff found Plaintiff did not have any fibromyalgia
trigger points in his examination on March 1, 2017, and merely
stated Plaintiff "might" have to miss "some days" of work.
Tr. 455-56.  The Commissioner asserts Dr. Davidoff's opinion,
therefore, is ambiguous, and the ALJ is not required to
"incorporate limitations phrased equivocally" into his
evaluation of Plaintiff's RFC.  *See Valentine v. Comm'r, Soc.
Sec.*, 574 F.3d 685, 692 (9th Cir. 2009).

Although the Commissioner relies on *Orteza v. Shalala*, 50
F.3d 748 (9th Cir. 1995), to support his position, the Court
concludes *Orteza* is not on point.  In *Orteza* the Ninth Circuit
held the ALJ was "merely interpreting" the physician's opinion
rather than "discrediting" it and pointed out that the physician
only stated the plaintiff could "adapt" to "sedentary-type" work
rather than finding the plaintiff could only perform sedentary
work as defined by 20 C.F.R. § 404.1567(a).  *Id.* at 750.  The
Ninth Circuit noted:

> The distinction is procedurally significant because if
> Dr. Mason stated that Orteza could only perform
> "sedentary work" as defined by section 404.1567(a),
> the ALJ would be required to provide clear and
> convincing reasons for discrediting Dr. Mason's
> report.  *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th
> Cir. 1991)(ALJ must provide clear and convincing
> reasons for disregarding the uncontradicted opinion of
> a treating physician).  If, on the other hand,
> Dr. Mason did not state that Orteza could only perform

15 - OPINION AND ORDER

"sedentary work" as defined by section 404.1567(a),
the ALJ would not be discrediting Dr. Mason's
testimony, but merely interpreting it. *Magallanes,*
881 F.2d at 750 ("The ALJ is responsible for
determining credibility and resolving conflicts in
medical testimony . . . [and] for resolving
ambiguities.").

*Orteza*, 50 F.3d at 750.

Here, however, the Court finds Dr. Davidoff's opinion is
not ambiguous in spite of the Commissioner's arguments.
Dr. Davidoff specifically concluded Plaintiff is capable of
gainful employment at a sedentary level despite his chronic
fibromyalgia if he is reasonably accommodated, which includes
accommodating his limitations as to interactions with others,
possible part-time work, or "missing some days" of work.
Tr. 456.

Although the ALJ found Dr. Davidoff's opinion "persuasive,"
the ALJ inexplicably found Plaintiff was able to perform medium
work without any consideration of the limitations imposed by
Dr. Davidoff.  The limitations that are inherent in medium
work; that are identified as Plaintiff's limitations by
Drs. Moner and Berner, who are only reviewing and nonexamining
physicians; and that are adopted by the ALJ in his eventual
evaluation of Plaintiff's condition conflict with the
limitations identified by Dr. Davidoff even though Dr. Davidoff

was Plaintiff's treating physician.  The ALJ, however, did not state clearly his reasons for discounting Dr. Davidoff's opinion.

> In *Campbell v. Saul* the Ninth Circuit recently noted:
>
>> Normally, "[t]he opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999)(quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.  At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)(citations omitted).  "We have also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions." *Id.*

834 F. App'x 330, 332 (9th Cir. 2021).  As noted, Dr. Davidoff, Plaintiff's treating physician, clearly concluded Plaintiff was limited to sedentary work with certain accommodations.  The only other opinions regarding Plaintiff's abilities were from nontreating, nonexamining state-agency consultants.  "Because the opinion of a nonexamining medical source cannot by itself constitute substantial evidence that justifies the rejection of a treating physician, the ALJ erred." *Id.*

The Court concludes on this record that the ALJ erred when he discounted Dr. Davidoff's opinion regarding Plaintiff's

17 - OPINION AND ORDER

limitation to sedentary work, necessary accommodations, and limited interactions without providing legally sufficient reasons for doing so.

## REMAND

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings. *Carmickle*, 533 F.3d at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits

18 - OPINION AND ORDER

if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here, as noted, the Court concludes the ALJ failed to properly consider Dr. Davidoff's opinion regarding Plaintiff's limitations when the ALJ evaluated Plaintiff's RFC and posed hypotheticals to the VE.

The Court, therefore, concludes on this record that further administrative proceedings are necessary to allow the ALJ to consider the medical evidence properly and to re-evaluate Plaintiff's RFC.  Accordingly, the Court remands this matter for further administrative proceedings.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 41 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 22nd day of July, 2021.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

19 - OPINION AND ORDER